NICHTHAUSER et al. v. LEHMAN.

(Supreme Court, Appellate Term, First Department. June 25, 1896.)

1. ATTACHMENT—GROUNDS—DISPOSING OF PROPERTY WITH FRAUDULENT INTENT.
   On an issue as to whether transfers by defendant of his property to his wife and brother and sister were made with intent to defraud creditors, it appeared that the transferees, at the time of the transfers, gave defendant money, which he used, instead of applying to his debts; and defendant testified that such payments were made to give him something to live on, and that he would not have made the transfers but for that. *Held* sufficient to show a fraudulent intent, though the transfers were made in payment of bona fide debts.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
   The objection that the report of a referee cannot be impeached, because no exceptions were filed to it, cannot be raised for the first time on appeal.

Appeal from city court of New York, general term.

Action by William Nichthauser and Isidor Levy against Sigmund S. Lehman to recover $189.28. An order vacating and setting aside an attachment, with $10 costs and $660 disbursements, affirming the report of the referee, and directing plaintiffs to pay said costs and disbursements, was affirmed by the city court (37 N. Y. Supp. 208), and plaintiffs appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry M. Goldfogle and Samuel I. Frankenstein, for appellants. Otto Irving Wise, for respondent.

DALY, P. J. The plaintiffs were creditors of the defendant for goods sold and delivered, and obtained an attachment against his property on the ground that he had assigned, disposed of, or secreted, and was about to assign, dispose of, or secrete, his property with intent to defraud his creditors. The defendant was the owner of four stores in the city of New York, and the stocks of goods therein; and it was alleged that on the 24th day of December, 1894, he had conveyed, by bill of sale, his place of business at 15 Sixth avenue to his wife, his place of business 205 First avenue to Aaron Lehman, his brother, and two places of business, 251 Eighth avenue and 151 Eighth avenue, to Hanna Rosenthal, of Baltimore, his sister, under circumstances supporting an inference of fraudulent intent. The defendant moved to vacate the attachment, on his own affidavit, and the affidavits of different persons, including two of the transferees, intended to show that the transfers were made

in good faith, and in payment of antecedent bona fide debts; and the court granted the motion on condition that defendant give security by deposit or undertaking to pay any judgment recovered by the plaintiffs; but the defendant asked for a reargument of the motion, and thereupon the court ordered a reference of the facts. The referee, after examination of a number of witnesses, reported that on the 24th of December, 1894, or immediately prior to that time, the defendant possessed no property, real or personal, other than the stores before mentioned; that the transfers were made to bona fide creditors, and were honest and legitimate, and that defendant had not assigned, disposed of, or secreted his property with intent to cheat or defraud his creditors. The defendant thereupon moved upon the report to vacate and set aside the attachment, which motion was granted, and the order appealed from accordingly made.

It would seem from the record that the referee and the court below regarded the question whether the conveyances of defendant's stores were assailable by creditors as the only one arising upon the evidence, and finding that the purchasers took such conveyances in good faith, and for a valuable consideration, held the conveyances to be valid. Upon that question the intent of the purchasers would, of course, be controlling, if this were a proceeding to set aside such conveyances; but, as the question was whether the defendant had disposed of his property with intent to defraud his creditors, his intent, and not that of the purchasers, is the principal consideration, and, apart from any issue as to those conveyances, there was testimony before the referee conclusive in support of the attachment. The defendant made the admission that, on the day that he executed the bill of sale to Hanna Rosenthal, she gave him $400 in cash; that he did not pay any of his creditors with this money, but kept it for himself, although on that day one of the plaintiffs called on him, and demanded the payment of his bill. He had not then spent the money, but had handed it over to his partner and brother to take home, and they divided it between them a few days later, and spent it. He also admitted the receipt of $50 and $150 from two other of the transferees, which he also retained. These admitted facts were ample to justify the attachment. In Woolen Co. v. Carhart, 67 How. Prac. 403, it was held that large drafts of money by a firm, shortly before making an assignment for the benefit of creditors, not for the purpose of paying obligations of the firm, or even individual debts, but for personal use, were a fraud upon creditors, justifying the issuance of an attachment against the property, because they "did not intend that this money should go to the payment of their co-partnership debts, to which it should have been applied, but they intended to keep and use it for their individual purposes, thereby secreting and withdrawing it from the creditors of the firm." In Victor v. Henlein, 34 Hun, 562, it was held fraudulent for members of a firm to reserve moneys for the support of their family when making a general assignment. In White v. Fagan, 18 N. Y. Wkly. Dig. 358, it was held that the debtor making a general assignment

must devote all his property to the payment of his debts, except such as is by law exempt from execution. These decisions were in cases of general assignments, but there is no practical distinction between such a case and this, where, as is undisputed, the defendant was hopelessly insolvent, and conveyed all his property to a limited number of creditors,—one being his wife, another his uncle, and the other his mother-in-law,—his debts aggregating $18,-000 to $24,000, none of which have been paid since the conveyances in question. The defendant was asked why the money was paid to him by these transferees at the time the bills of sale were executed, and he replied, "Because I could not live on wind, and I would not have made the bill of sale but for that." Under such circumstances, it was conclusively established that the defendant made the transfers in order to obtain a sum in cash for his private use and that of his partner, and with the intent of keeping it from his creditors; so that in making the transfers, and keeping the cash then received, he intended to defraud them.

The point is made that the report of the referee could not be assailed, because no exceptions were filed to it. Rule 30. There is nothing in the record to show that exceptions were not filed to the report. The date of filing of the report is not given, and there is nothing to show that the plaintiff was allowed his full eight days, under the rule, to file exceptions. It appears that the motion to vacate the attachment was brought up on the referee's report by defendants, on an order to show cause, giving less than eight days' notice, and no reference is made in such order to a failure to file exceptions. It would appear from the record that exceptions were waived, if none were filed, and that the objection to the want of exceptions is taken for the first time on appeal.

Order appealed from reversed, with costs of this appeal and the appeal in the court below, and motion to vacate attachment denied, with costs. All concur.